IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J&J SPORTS PRODUCTIONS, INC.,

    Plaintiff,

  v.

ZENAIDA BAUTISTA JUANILLO,
individually and d/b/a ZENS,

    Defendant.
                           /

No. C 10-01801 WHA

**ORDER DENYING MOTION TO ALTER JUDGMENT AND VACATING HEARING**

## INTRODUCTION

In this telecast interception action, default judgment has been entered against defendant. Plaintiff now moves to alter or amend the judgment amount. This order denies the motion.

## STATEMENT

This action concerns the interception and display in a restaurant of a May 2009 boxing match telecast to which plaintiff owned th exclusive distribution rights. The underlying facts of this action were detailed in the December 2010 order granting default judgment (Dkt. No. 18). Following plaintiff's victory on its motion for default judgment, final judgment was entered in the amount of $2,500. This judgment was composed of a $2,000 award for plaintiff's conversion claim and a $500 award of statutory damages under the Cable and Television Consumer Protection Act, 47 U.S.C. 553. The order granting default judgment declined to award enhancement damages under Section 553, noting that defendant already would be required to

1    pay $500 more than the cost of a proper license, and stating that "this is a significant penalty for a
2    first time violator that would likely promote general deterrence." Plaintiff now moves to alter or
3    amend the judgment, requesting an increase of the statutory damages and enhanced statutory
4    damages awarded.

**ANALYSIS**

Pursuant to FRCP 59(e), a motion to alter or amend a judgment may be brought within 28 days after entry of the judgment. Judgment in this action was entered on December 6, 2010, and the instant motion was filed on January 3, 2011. The motion, filed just under the wire, is timely. A motion to alter or amend may be granted if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Plaintiff does not present newly discovered evidence, nor does plaintiff contend there has been a change in the controlling law. Plaintiff's sole basis for the motion is that clear error supposedly was committed in awarding only $500 in statutory damages (Br. 4).

In reviewing a district court decision for clear error, the Ninth Circuit will find clear error only upon "a definite and firm conviction that a mistake has been committed." *United States v. Ruiz-Gaxiola*, 623 F.3d 684, 693 (9th Cir. 2010). If a court "got the law right" and "did not clearly err in its factual determinations," then clear error was not committed — even if another reasonable judicial body "would have arrived at a different result." *Alliance for the Wild Rockies v. Cottrell*, --- F.3d ----, No. 09-35756, 2011 WL 208360, at *3 (9th Cir. Jan. 25, 2011). On the instant motion, plaintiff does not demonstrate that a legal or factual error was committed. Accordingly, plaintiff has not carried its burden of proving clear error, and good cause has not been shown to alter or amend the judgment.

*First*, plaintiff argues that "the Court erred by improperly concluding that the goal of deterrence is achieved by such a minimal award" (Br. 4–6). Plaintiff acknowledges the order's explicit finding that the award "would likely promote general deterrence" and complains that this finding was not adequately explained. The omission of an extended explanation, however, does not evidence clear error. Plaintiff reasons that a larger award would be necessary to promote

2

1   general deterrence, citing non-binding decisions for support.  Without engaging the details of
2   plaintiff's reasoning, this order finds that reasonable economists, reasonable jurists, and
3   reasonable people could — and likely *would* — disagree in their predictions as to the degree of
4   general deterrence that would result from any one judgment award of a certain amount.  The
5   possibility of reasonable disagreement does not indicate clear error, and plaintiff's disagreement
6   with the Court about how much general deterrence would be promoted by the statutory penalty
7   awarded falls into this category.  Plaintiff does not argue that the Court's conclusion was based on
8   a misstatement of law or fact;  plaintiff simply disagrees with the reasoning and conclusion based
9   upon them.  Plaintiff has not demonstrated that clear error was committed in reaching the
10  conclusion that the goal of general deterrence is likely served by the judgment award.

11       *Second*, plaintiff argues that "the Court erred . . . by failing to take into account the
12  number of patrons present at Zens when the Hatton/Pacquiao fight was being broadcast" (Br. 4,
13  6–8).  The judgment award was decided upon review and consideration of the entire record made
14  by plaintiff;  the observation that a particular fact was not discussed in the order granting default
15  judgment does not prove that the fact was ignored when the case as a whole was weighed.
16  Plaintiff refers to a portion of the order noting that plaintiff's motion for default judgment had
17  based "much of the analysis for damages on the population size of the city and surrounding area"
18  and stating that "[t]hose arguments will not be considered in this order" (Dkt. No. 18 at 2).
19  Significantly, the order did not make a similar statement about the number of patrons present
20  during display of the intercepted telecast.  Absent any direct evidence that this fact was not
21  considered, plaintiff complains that the order did not sufficiently explain its reasoning.  Plaintiff
22  states, "beyond the statement that $500 will achieve the goal of general deterrence, the Court did
23  not offer any opinion as to why enhanced damages are not proper in this case" (Br. 7).  A cursory
24  review of the "Enhanced Damages" portion of the order reveals otherwise.  In addition to
25  concluding that the goal of deterrence likely would be served, the order observed that "this is a
26  significant penalty for a first time violator."  Plaintiff does not identify any evidence that a legal
27  or factual error was committed concerning the number of patrons present for the intercepted
28

3

telecast; plaintiff simply disagrees with the amount of weight accorded to this fact in determining the judgment amount.

Because neither of plaintiff's arguments establishes that clear error was committed, good cause has not been shown to alter or amend the judgment. Plaintiff's motion is **DENIED**.

## CONCLUSION

Plaintiff may have hoped to collect more money than the $2,500 award it received as a default judgment, but plaintiff has not demonstrated its entitlement to another bite at the apple. Plaintiff's motion to alter or amend the judgment is **DENIED**. The hearing set for February 10, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: February 1, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE